**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (*Pro Hac Vice*)
tarifa.laddon@faegredrinker.com
THEODORE E. O'REILLY (*Pro Hac Vice*)
theodore.oreilly@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendants
BIOMET, INC.; BIOMET ORTHOPEDICS, LLC;
and BIOMET U.S. RECONSTRUCTION, LLC

**WETHERALL GROUP, LTD.**
Peter C. Wetherall (Nevada Bar No. 4414)
pwetherall@wetherallgroup.com
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148
Telephone: (702) 838-8500
Facsimile: (702) 837-5081

Attorneys for Plaintiffs
ANGELA BIGGINS

(Additional Counsel on following page)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA J. BIGGINS, | Case No.: 2:20-cv-02247-JCM-NJK |
| Plaintiff, | Honorable James C. Mahan<br>Honorable Nancy J. Koppe |
| vs. | **FRCP RULE 26(F) REPORT** |
| BIOMET, INC.; BIOMET ORTHOPEDICS, LLC; and BIOMET U.S. RECONSTRUCTION, LLC; | Complaint Filed: December 11, 2020 |
| Defendants. | |

**ALVERSON TAYLOR & SANDERS**
LEANN SANDERS (Nevada Bar No. 390)
*lsanders@alversontaylor.com*
6605 Grand Montecito Pkwy, Suite 200
Las Vegas, NV 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000

*Attorneys for Defendants*
BIOMET, INC.; BIOMET ORTHOPEDICS, LLC;
and BIOMET U.S. RECONSTRUCTION, LLC

**BERNHEIM KELLEY BATTISTA & BLISS, LLC**
WALTER KELLEY (*to be admitted Pro Hac Vice*)
*wkelley@bkbblaw.com*
4 Court Street
Plymouth, MA 02360
Telephone: (617) 420-1111
Facsimile: (617) 830-0379

Attorneys for Plaintiff ANGELA BIGGINS

Counsel for Plaintiff Angela Biggins ("Plaintiff") in the above-named action and counsel for Defendants Biomet, Inc.; Biomet Orthopedics, LLC; and Biomet U.S. Reconstruction, LLC (collectively, "Biomet," and together with Plaintiff, the "Parties") hereby submit this Rule 26(f) Report, which includes a discovery plan and scheduling order as requested by the Court. (ECF No. 11)

## I. OVERVIEW

This case involves a variety of product liability claims against Biomet stemming from implantation of the Biomet M2a Metal-on-Metal Hip Replacement System ("M2a Hip Replacement System") into Plaintiff. Plaintiff asserts five causes of action against Biomet in her Complaint: (1) Negligence; (2) Negligent Misrepresentation; (3) Strict Liability Design Defect; (4) Strict Liability for Inadequate Warning; and (5) Strict Liability for Manufacturing Defect.

The M2a Hip Replacement System at issue in this case is the subject of a currently pending federal multidistrict litigation at the United States District Court for the Northern District of Indiana in the South Bend Division, where Judge Robert L. Miller, Jr. presides over *In Re: Biomet M2a Magnum Hip Implant Products Liability Litigation* (MDL 2391), cause number: 3:12-MD-2391 ("Biomet M2a MDL"), centralized as an MDL on October 2, 2012.

Plaintiff filed this suit on December 11, 2020, and Biomet filed its Answer on March 12, 2021. The Parties met and conferred to create a discovery plan and scheduling order. They now file this report pursuant to Fed. R. Civ. P. 26(f).

## II. FRCP 26(f) DISCOVERY ISSUES

### A. Anticipated Scope of Discovery (FRCP 26(f)(3)(B))

The Parties seek a reasonable framework to complete discovery and work this case up for trial. While this case was not a part of the Biomet M2a MDL, Biomet must still coordinate with the Biomet M2a MDL and similar cases filed across the country. Biomet

- 1 -

anticipates that extensive case-specific discovery and pretrial efforts remain in this case due to MDL coordination and the complexities of Plaintiff's case.

In the Biomet M2a MDL, extensive generic discovery has been completed, including production of documents, witnesses and written discovery. Upon the entry by this Court of an agreeable Protective Order as to confidentiality and which restricts sharing of the confidential documents, Biomet agrees to produce the common-issue written discovery and documents, and common issue depositions provided in the MDL and state courts before March 12, 2020. Due to the burdens of duplicating these exhaustive efforts, Biomet requests that this Court limit discovery only to case-specific issues that have not yet been addressed as part of the Biomet M2a MDL or other common issue discovery in other jurisdictions.

As to the case-specific portion of this litigation, both Parties must identify and retain case-specific experts to prove causation and/or to address alternative causation, as well as fact and expert witnesses qualified to evaluate Plaintiffs' specific claims for damages. Biomet requires deeper investigation into Plaintiff's significant medical history to address alternative causation, including but not limited to her history and progression of osteoarthritis and degenerative disc disease, her knee arthroplasties in 2007 and 2018, degenerative changes throughout her cervical spine, spinal stenosis, the anterior cervical discectomy and fusion surgery that occurred in 2019, and gastritis, among other health conditions and procedures. Biomet cannot properly evaluate Plaintiff's specific claims for damages without being afforded an opportunity to investigate Plaintiff's medical history that extends beyond her hip issues with the M2a device. In addition, since this case was not part of the MDL, Biomet must begin medical record collection and continue to identify all of Plaintiff's treating physicians and facilities in order to notice the appropriate and relevant depositions. This process takes time, especially during the current COVID-19 pandemic, as Biomet has experienced significant delay in collecting records due to medical facilities' limited personnel and administrative availability.

Thus, Biomet's remaining preparation includes case-specific: (i) written discovery; (ii) collection of additional documents and medical records, likely including x-ray and/or MRI images and pathology slides; (iii) fact witness depositions, including Plaintiff's own deposition, her spouse's deposition (to address her request for loss of consortium damages), her treating physicians, and implanting and revising surgeons, among others; and (iv) Plaintiff's expert discovery. Lastly, Biomet will need to retrieve the explanted device so that its experts may complete an inspection, which is a particularly lengthy process, as scheduling the required reservations at the facilities where inspection occurs has been limited, difficult, and protracted as of late due to the obstacles presented by the COVID-19 pandemic. Moreover, while certain of Biomet's generic testifying experts, such as physicians, may be required to supplement their reports based on case-specific records, generic experts alone will not be sufficient, given Plaintiff's medical history. Biomet must also identify and retain case-specific potential testifying experts.

Although the Parties agree to work together to discuss and schedule treating physician depositions, Biomet requests the necessary time to complete these laborious case-specific discovery efforts.

**B.    Electronically Stored Information (FRCP 26(f)(3)(C))**

The scope of ESI discovery will be agreed upon in a stipulated protective order. Biomet will produce its ESI discovery produced in the Biomet M2a MDL and state courts before March 12, 2020, as to the generic portion of this litigation upon the entry of an agreeable Protective Order.

**C.    Privilege and Protection Issues (FRCP 26(f)(3)(D))**

The parties intend to enter into a stipulated protective that will govern the exchange of confidential information in this case.

**D.    Changes to Discovery Limitations (FRCP 26(f)(3)(E))**

Any additional discovery not addressed by the Court should be done consistent with the Federal Rules of Civil Procedure and the local rules.

### E. Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))

Biomet asserts that Plaintiff's discovery should be limited to case-specific written requests and depositions that are not duplicative of those taken in the Biomet M2a MDL. If Plaintiff agrees to limit discovery here to case-specific discovery, Biomet will agree to produce the common issue written discovery and documents, and common issue depositions provided in the MDL and state courts before March 12, 2020 upon the Parties' entrance of a stipulated protective order for confidentiality and an agreement not to share the confidential discovery outside of this litigation.

## III. SETTLEMENT

The Parties have begun to discuss resolution of this case and request adequate time to complete good-faith settlement discussions without the pressure of running up against case management deadlines. It is not currently necessary for the Parties to participate in any alternative method of dispute resolution.

## IV. PARTIES' PROPOSED SCHEDULE:

The Parties request that the Court consider the proposed schedule in light of the extensive discovery to be completed in this case, ongoing discussion to resolve this matter, and the approximately 13 M2a-related trials already confirmed for 2021 through 2022 across the country.

The parties anticipate a trial of approximately three weeks.

| Event | Proposed Date |
|---|---|
| 1. Last day to exchange Initial Disclosures | June 18, 2021 |
| 2. File motions to amend and/or add parties | July 16, 2021 |
| 3. Completion of fact discovery | January 14, 2022 |
| 4. Plaintiff's designation and service of expert witness reports for case-specific experts | April 15, 2022 |
| 5. Biomet's designation and service of case-specific expert witness reports | May 31, 2022 |
| 6. Expert Rebuttal | June 29, 2022 |

| Event | Proposed Date |
|---|---|
| 7. Completion of case-specific expert discovery | August 5, 2022 |
| 8. Filing of *Daubert* motions and dispositive motions | November 18, 2022 |

Dated: April 26, 2021  **WETHERALL GROUP, LTD.**

By: /s Peter C. Wetherall
 PETER C. WETHERALL

*Attorneys for Plaintiff*
Angela Biggins

Dated: April 26, 2021  **BERNHEIM KELLEY BATTISTA & BLISS LLC**

By: /s Walter Kelley
 WALTER KELLEY

*Attorneys for Plaintiff*
Angela Biggins

Dated: April 26, 2021  **FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Theodore E. O'Reilly
 TARIFA B. LADDON
 THEODORE E. O'REILLY

*Attorneys for Defendants*
Biomet, Inc., Biomet Orthopedics, LLC, and
Biomet U.S. Reconstruction, LLC

IT IS SO ORDERED.
Dated: April 28, 2021
.
.
_____
Nancy J. Koppe
United States Magistrate Judge